**Electronically Filed: August 29, 2019**

| | |
|---|---|
| ANDERSEN LAW FIRM, LTD.<br>RYAN A. ANDERSEN<br>Nevada Bar No. 12321<br>E-mail: ryan@vegaslawfirm.legal<br>101 Convention Center Drive, Suite 600<br>Las Vegas, Nevada 89109<br>Telephone: (702) 522-1992<br>Facsimile: (702) 825-2824 | WIGGAM & GEER, LLC<br>WILL B. GEER<br>Georgia Bar No. 940493<br>*(Pro Hac Vice Application Pending)*<br>E-mail: wgeer@wiggamgeer.com<br>50 Hurt Plaza, SE, Suite 1245<br>Atlanta, Georgia 30303<br>Telephone: (678) 587-8740<br>Facsimile: (404) 287-2767 |

*[Proposed] Attorneys for Edward Burdekin and National Store Retail Services, LLC*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>NATIONAL MERCHANDISING SERVICES, LLC<br><br>☐ Affects this Debtor.<br><br>☐ Affects all Debtors.<br><br>☒ Affects Edward S. Burdekin.<br><br>☒ Affects National Store Retail Services, LLC | Case No.: BK-S-19-15172-ABL<br>Chapter 11<br><br>Jointly administered with:<br><br>Edward S. Burdekin, Case No. BK-S-15174-ABL; and<br><br>National Store Retail Services, LLC, Case No. BK-S-15175-MKN<br><br>**DECLARATION OF WILL B. GEER IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WIGGAM & GEER, LLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION, NUNC PRO TUNC AS OF THE PETITION DATE**<br><br>Date:  October 15, 2019<br>Time:  9:30 a.m.<br>Place:  300 Las Vegas Blvd.<br>　　　　Las Vegas, NV<br>　　　　Courtroom 1 |

I, Will B. Geer, Esq. hereby state as follows under penalty of perjury:

1.   I am over the age of 18 and mentally competent.

2.     I am proposed counsel for National Store Retail Services, LLC and Edward S. Burdekin, debtors and debtors in possession in the above-captioned bankruptcy cases ("Debtors"). I make this declaration pursuant to FRBP 2014(a) and in support of the *Application for Entry of an Order Authorizing the Employment and Retention of Wiggam & Geer, LLC as Attorneys for the Debtors In Possession, Nunc Pro Tunc As of the Petition Date* ("Application"). Capitalized terms used but not defined herein are used as defined in the Application.

3.     I am an attorney at law admitted to the bar of the State of Georgia and a partner in the law firm of Wiggam & Geer, LLC ("Geer Law Firm"), proposed counsel to the Debtor in the above-captioned bankruptcy case (the "Case"). I am authorized to make this declaration on Geer Law Firm's behalf.

4.     I have personal knowledge of the facts stated herein, and I could and would testify to the same if called upon to do so.

### **Disinterestedness of Professionals**

5.     Except as provided herein, based on the computerized conflicts search conducted to date and described herein, to the best of my knowledge, neither I, nor any partner, associate, or law clerk thereof, has any connection with Debtors, its creditors, or any other parties in interest, or their respective attorneys and accountants, or the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed or as otherwise described herein.

6.     Geer Law Firm is a "disinterested person" as such term is defined in Section 101(14), as the firm, its partners, associates, and law clerks:

   a) Do not hold or represent an interest adverse to Debtors' bankruptcy estates;

   b) Are not and were not a creditor, an equity holder or an insider of Debtors;

   c) Are not and were not, within two years before the Petition Date, a director, officer or employee of Debtors;

   d) Do not have an interest materially adverse to the interest of the bankruptcy estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in Debtors; and

e) Are not related to any United States District Judge or United States Bankruptcy Judge for the District of Nevada or to the United States Trustee for such district or to any known employee in the office thereof.

7. On July 22, 2019, Debtors retained Geer Law Firm to advise it regarding and represent it in its potential bankruptcy reorganization. On August 9, 2019, Geer Law Firm and Debtors executed written engagement agreements ("Engagement Agreements") pertaining to Geer Law Firm's representation of the Debtors. True and correct copies of the Engagement Agreements are attached hereto as **Exhibit 1**.

8. As of the date hereof, Debtors do not owe Geer Law Firm for any legal services rendered before the date hereof.

9. Geer Law Firm and its partners and associates have never represented any creditors or parties in interests of Debtors in any matter. I, on behalf of Geer Law Firm, have performed a conflict check using the firm's computerized conflict-check database, and Geer Law Firm has no identifiable connections with Debtors.

10. The following is a list of categories of entities that were searched, as they are currently available:
    a. All books and records of Geer Law Firm;
    b. The Debtors' directors;
    c. The Debtors' significant current shareholders; and
    d. The Debtors' creditors.

11. Geer Law Firm's conflicts search of the parties listed above disclosed no conflicting representation or any representations that are materially adverse to the interests of the bankruptcy estate or to any class of creditors or equity security holders.

12. Geer Law Firm will periodically review its files during the Case's pendency to ensure no conflicts or other disqualifying circumstances exist or arise. If any relevant facts or relationships are discovered or arise, Geer Law Firm will use reasonable efforts to identify such further developments and will promptly file a Supplemental Declaration as required by FRBP 2014(a).

13. Geer Law Firm and its attorneys do not currently and have never represented Debtor NSRS' sole manager, Edward Burdekin except in relation to his affiliated bankruptcy case.

**Services Rendered**

14. Geer Law Firm will render to Debtors the following professional services, among others:

   a) Advise Debtors with respect to its powers and duties as a debtor and debtors in possession in the continued management and operation of its business and property;

   b) attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the chapter 11 case, including the legal and administrative requirements of operating in chapter 11;

   c) take all necessary action to protect and preserve the bankruptcy estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the bankruptcy estate, negotiations concerning all litigation in which Debtors may be involved, and objections to claims filed against the bankruptcy estate;

   d) prepare on behalf of Debtors all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

   e) negotiate and prepare on Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and take any necessary action on behalf of Debtors to obtain confirmation of such plan(s);

   f) advise Debtors in connection with any sale of assets;

   g) appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the bankruptcy estate before such courts and the U.S. Trustee; and

   h) perform all other necessary legal services and provide all other necessary legal advice to Debtors in connection with its Case.

**Professional Compensation**

15. The Firm was paid a retainer of $20,000 by Edward Burdekin for his individual bankruptcy case (the "Burdekin Retainer") and $7,500 by NSRS for its bankruptcy case (the "NSRS Retainer"). $16,720 of the Burdekin retainer remains in the Geer Law Firm's trust account and $5,140.00 of the NSRS retainer remains in the Geer Law Firm's trust account.

16. Through the Application, Geer Law Firm proposes to continue to hold Debtor's retainer, and to apply it to fees and expenses incurred by Geer Law Firm in this bankruptcy case. Pursuant to the Engagement Agreement, Geer Law Firm will provide Debtor with regular, monthly statements detailing legal services rendered and costs and expenses disbursed on Debtor's behalf, with both interim and final payment of such invoices subject to Court approval, as set forth in the Engagement Agreement.

17. Under the Engagement Agreement, Geer Law Firm will provide Debtor with regular, monthly statements detailing legal services rendered and costs and expenses disbursed on Debtor's behalf, both interim and final payment of such invoices subject to Court approval, as set forth in the Engagement Agreement.

18. Geer Law Firm will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Case in accord with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and all orders of this Court. Geer Law Firm will seek compensation for the services of each attorney or paraprofessional acting on Debtor's behalf at the then-current prevailing hourly rate charged for such services on a non-bankruptcy matter, as such rates are described and/or modified by the Engagement Agreement. These hourly rates are subject to annual adjustments, without further notice to the Court or any other entity.

19. Geer Law Firm's prevailing hourly rates are designed to fairly and adequately compensate Geer Law Firm for the work performed and to cover fixed and routine overhead expenses incurred in the operation of the firm.

20. As Geer Law Firm does with other Clients, the firm will, in its discretion, charge the Debtor for all other costs and expenses, including, without limitation, printing and duplication (at the rate of $0.05 per black and white impression and $0.15 per color impression), travel, business meals (but never overtime meals), postage, delivery and courier services, computerized legal research, court fees, witness fees, and other fees related to trials and hearings. As near as possible, Debtor will be charged Geer Law Firm's actual cost for all cost and expense items incurred by the firm.

21. No promises have been received by Geer Law Firm nor by any partner, associate, or law clerk thereof as to compensation in connection with the Case other than in accord with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Geer Law Firm has no agreement with any other entity to share any compensation or reimbursement received in connection with the Case.

22. Further, under FRBP 2016(b), Geer Law Firm has neither shared nor agreed to share: (i) any compensation it received or may receive with any other party or person, other than with the partners and associates of the firm; or (ii) any compensation another person or party has received or may receive.

23. Approval of Geer Law Firm's employment nunc pro tunc is necessary, as the firm will be required to perform legal services for Debtor during the interim before the hearing date on this Application. Indeed, between the time of the filing of this Application and the hearing on the same, the Debtor, through counsel, will have sought negotiations with secured creditors concerning certain property issues, and continue the process of accomplishing the refinancing of its secured obligations.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 29th day of August, 2019.

/s/ Will B. Geer
Will B. Geer, Esq.