_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 18, 2019

ANDERSEN LAW FIRM, LTD.
RYAN A. ANDERSEN
Nevada Bar No. 12321
E-mail: ryan@vegaslawfirm.legal
101 Convention Center Drive, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 522-1992
Facsimile: (702) 825-2824

WIGGAM & GEER, LLC
WILL B. GEER
*(Pro Hac Vice Application Pending)*
E-mail: wgeer@wiggamgeer.com
50 Hurt Plaza, SE, Suite 1245
Atlanta, Georgia 30303
Telephone: (678) 587-8740
Facsimile: (404) 287-2767

*Counsel for Edward Burdekin and National Store Retail Services, LLC*

| In re: | Case No.: BK-S-19-15172-ABL |
|---|---|
| NATIONAL MERCHANDISING SERVICES, LLC | Chapter 11 |
| ☐ Affects this Debtor. | Jointly administered with:<br><br>Edward S. Burdekin, Case No. BK-S-15174-ABL; and |
| ☐ Affects all Debtors. | National Store Retail Services, LLC, Case No. BK-S-15175-ABL |
| ☒ Affects Edward S. Burdekin. | **ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WIGGAM & GEER, LLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION, NUNC PRO TUNC AS OF THE PETITION DATE** |
| ☒ Affects National Store Retail Services, LLC | Date: October 15, 2019<br>Time: 9:30 a.m.<br>Place: 300 Las Vegas Blvd.<br>Las Vegas, NV<br>Courtroom 1 |

The Court, having considered the *Application for Entry of an Order Authorizing the Employment and Retention of Wiggam & Geer, LLC as Attorneys for the Debtor-In-Possession, Nunc Pro Tunc as of the Petition Date* ("Application"), ECF No. 44, filed by Edward Steven Burdekin, ("Burdekin"), debtor and debtor-in-possession, and National Store Retail Services, LLC, a Georgia limited liability company, debtor and debtor-in-possession ("NSRS", and, together with Burdekin, the "Debtors"); having considered the Declaration of Will B. Geer submitted in support of the Application ("Geer Declaration"); having conducted a hearing with respect to the Application on October 15, 2019 at 9:30 a.m. Pacific time, with Will B. Geer of Wiggam & Geer, LLC. ("Geer Law Firm") appearing on behalf of the Debtors and with other appearances as noted on the record of such hearing; having found that the relief requested in the Application is in the best interest of the Debtors and their bankruptcy estate; having found that this is a core matter within the meaning of 28 U.S.C. § 157; having found that Geer Law Firm does not represent any interest adverse to the Debtors or its bankruptcy estate with respect to the matters on which Geer Law Firm is to be employed and meets all requirements for retention set forth in the Bankruptcy Code; having found the terms and conditions of Geer Law Firm's employment as further described in the Application reasonable; and having further stated its findings of fact and conclusions of law on the record at the conclusion of the hearing, pursuant to Fed. Rule Bankr. P. 7052, made applicable hereto by Fed. R. Bankr. P. 9014;

**NOW THEREFORE**, good cause appearing, the Court **ORDERS** as follows:

**IT IS HEREBY ORDERED** that the Application is **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. §§ 327(a), 328, 329, and 331 and Fed. R. Bank. P. 2014 and 2016, the Debtors are authorized to employ and retain Wiggam & Geer, LLC, *nunc pro tunc* as of the Petition Date, to perform the services set forth in the Application;

**IT IS FURTHER ORDERED** that the hourly rates, billing structure, and retainer described in the Application are hereby approved pursuant to 11 U.S.C. § 328, subject to adjustment according to Geer Law Firm's customary practices;

**IT IS FURTHER ORDERED** that the Debtors are not required to replenish any retainer held by Geer Law Firm and will only be responsible for paying invoices following approval by the Court;

1    **IT IS FURTHER ORDERED** that this Order shall become effective immediately upon its entry, and;

3    **IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction over the subject matter of this Order so that it may hear and determine all matters arising from or related to the implementation of and compliance with this Order.

Respectfully submitted by:

**WIGGAM & GEER, LLC**

By:    /s/ Will B. Geer
       Will B. Geer, Esq.
       Georgia Bar No. 940493
       50 Hurt Plaza, SE, Suite 1245
       Atlanta, Georgia 30303
       wgeer@wiggamgeer.com
       T: 404-233-9800
       F: 404-287-2767

**ANDERSEN LAW FIRM, LTD.**

By:    /s/ Ryan A. Andersen
       Ryan A. Andersen, Esq.
       Nevada Bar No. 12321
       Ani Biesiada, Esq.
       Nevada Bar No. 14347
       101 Convention Center Drive
       Suite 600
       Las Vegas, Nevada 89109

*Counsel for Edward Steven Burdekin and National Retail Store Services, LLC*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☑ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

- William M. Noall, Esq.: Approved
- Will B. Geer, Esq.: Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of October, 2019.

By: /s/ Will B. Geer
Will B. Geer, Esq.
Georgia Bar No. 940493
**WIGAM & GEER, LLC**
50 Hurt Plaza, SE, suite 1245
Atlanta, Georgia 30303

*Counsel for Edward Steven Burdekin and National Retail Store Services, LLC*

# # #