GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112

*Attorneys for Debtor National
Merchandising Services, Inc.*

ANDERSEN LAW FIRM, LTD.
RYAN A. ANDERSEN
Nevada Bar No. 12321
E-mail: ryan@vegaslawfirm.legal
3199 East Warm Springs Road
Las Vegas, NV 89120
Telephone: (702) 522-1992

WIGGAM & GEER
WILL B. GEER
E-mail: wgeer@wiggamgeer.com
50 Hurt Plaza, SE, Suite 1245
Atlanta, GA 30303
Telephone: (678) 587-8740

*Attorneys for Edward Steven Burdekin and
National Store Retail Services*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NATIONAL MERCHANDISING SERVICES, LLC<br><br>☐ Affects this Debtor.<br><br>☒ Affects all Debtors.<br><br>☐ Affects Edward Steven Burdekin<br><br>☐ Affects National Store Retail Services, LLC. | Case No.: BK-19-15172-ABL<br>Chapter 11<br><br>Jointly administered with:<br><br>Edward Steven Burdekin,<br> Case No. BK-19-15175-ABL; and<br><br>National Store Retail Services, LLC,<br> Case No. BK-19-15174-ABL<br><br>Date:   July 31, 2020<br>Time:   9:30 a.m.<br>Place:  U.S. Bankruptcy Court<br>   Courtroom 1<br>   300 Las Vegas Boulevard South<br>   Las Vegas, Nevada |

<u>**DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION**</u>

4825-3503-4559, v. 7

# TABLE OF CONTENTS

1.     **DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME** ................................................................................................ 1
    1.1.    Definitions. ........................................................................................ 1
    1.2.    Computation of Time. ....................................................................... 7
    1.3.    Rules of Interpretation...................................................................... 7
    1.4.    Exhibits and Plan Schedules.. .......................................................... 7
2.     **TREATMENT OF UNCLASSIFIED CLAIMS** .......................................... 7
    2.1.    General. ............................................................................................. 7
    2.2.    Treatment of Administrative Claims................................................. 7
    2.3.    Treatment of Priority Tax Claims.. ................................................... 8
    2.4.    Requests for Payment....................................................................... 8
3.     **DESIGNATION OF CLASSES OF CLAIMS AND EQUITY SECURITIES**............. 8
    3.1.    Summary of Classification. .............................................................. 8
    3.2.    Specific Classification...................................................................... 9
        **3.2.1.**     Class 1:   Secured Claims (NMS).................................. 9
        **3.2.2.**     Class 2:   Secured Claims (NSRS).. ............................... 10
        **3.2.3.**     Class 3:   Secured Claims (Burdekin).. .......................... 10
        **3.2.4.**     Class 4:   Priority Unsecured Claims (NMS).. ............... 10
        **3.2.5.**     Class 5:   Priority Unsecured Claims (NSRS)................ 10
        **3.2.6.**     Class 6:   Priority Unsecured Claims (Burdekin)............ 10
        **3.2.7.**     Class 7:   General Unsecured Claims (NMS).................. 10
        **3.2.8.**     Class 8:   General Unsecured Claims (NSRS).. ............. 10
        **3.2.9.**     Class 9:   General Unsecured Claims (Burdekin)............ 10
        **3.2.10.**    Class 10: Intercompany Claim (NMS)............................ 10
        **3.2.11.**    Class 11: Intercompany Claim (NSRS)........................... 10
        **3.2.12.**    Class 12: Intercompany Claim (Burdekin)...................... 10
        **3.2.13.**    Class 13: Equity Security (NMS).................................... 10
        **3.2.14.**    Class 14: Equity Security (NSRS)................................... 10
4.     **DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS UNDER THIS PLAN** ......................................................... 10
    4.1.    Class 1 – Secured Claims (NMS). ................................................. 10
    4.2.    Class 2 – Secured Claims (NSRS). ............................................... 11
    4.3.    Class 3 – Secured Claims (Burdekin). .......................................... 11
    4.4.    Class 4 – Priority Unsecured Claims (NMS). ............................... 11
    4.5.    Class 5 – Priority Unsecured Claims (NSRS)............................... 12
    4.6.    Class 6 – Priority Unsecured Claims (Burdekin).......................... 12
    4.7.    Class 7 – General Unsecured Claims (NMS). ............................... 12
    4.8.    Class 8 – General Unsecured Claims (NSRS). ............................. 12

4825-3503-4559, v. 7

4.9.    Class 9 – General Unsecured Claims (Burdekin). ...................................... 13

4.10.    Class 10 – Intercompany Claims (NMS). ................................................. 13

4.11.    Class 11 – Intercompany Claims (NSRS)................................................. 13

4.12.    Class 12 – Intercompany Claims (Burdekin)............................................ 13

4.13.    Class 13 – Equity Security (NMS).......................................................... 14

4.14.    Class 14 – Equity Security (NSRS).......................................................... 14

5.    MEANS FOR IMPLEMENTATION OF PLAN ................................................ 14

5.1.    Operations Between Confirmation Date and the Effective Date. .............. 14

5.2.    Plan Implementation Occurring on the Effective Date.............................. 14

5.3.    Reorganized Debtors.................................................................................. 14

5.4.    Articles of Organization, By-laws, Operating Agreement. ....................... 15

5.5.    Post-Effective Date Management of Reorganized Debtors. ...................... 15

5.6.    Distributions.............................................................................................. 15

5.7.    Effectuation of Transactions; Timing. ...................................................... 15

5.8.    Notice of Effectiveness. ............................................................................ 15

5.9.    No Governance Action Required............................................................... 15

5.10.    Filing with State Authorities..................................................................... 15

6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ....................................... 16

6.1.    Executory Contracts.. ................................................................................ 16

6.2.    Approval of Assumption or Rejection. ..................................................... 16

6.3.    Cure of Defaults........................................................................................ 16

6.4.    Objection to Cure Amounts.. .................................................................... 16

6.5.    Confirmation Order. .................................................................................. 16

7.    MANNER OF DISTRIBUTION OF PROPERTY UNDER THIS PLAN .................. 17

7.1.    Statements. ................................................................................................ 17

7.2.    Further Authorization................................................................................ 17

7.3.    Release and Indemnification.. ................................................................... 17

8.    CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE
    DATE ........................................................................................................... 17

8.1.    Conditions to Confirmation....................................................................... 17

8.2.    Conditions to Effectiveness. ..................................................................... 17

9.    TITLE TO PROPERTY; DISCHARGE; INJUNCTION ..................................... 17

9.1.    Title to Property.. ...................................................................................... 17

9.2.    Discharge of Claims and Causes of Action............................................... 17

9.3.    Compromise and Settlement. .................................................................... 18

9.4.    Injunction.. ................................................................................................ 18

9.5.    Exculpation................................................................................................ 18

10.    RETENTION OF JURISDICTION ................................................................. 19

10.1.    Jurisdiction................................................................................................ 19

iii

11.    MODIFICATION AND AMENDMENT OF PLAN ......................................................... 20
   11.1.    Modification and Amendment. ............................................................................ 20
12.    MISCELLANEOUS ...................................................................................................... 21
   12.1.    Filing of Objections to Claims ............................................................................ 21
      12.1.1.    Resolution of Objections After Effective Date. ........................................ 21
      12.1.2.    Distributions and Disputed Claims Reserve ............................................. 21
      12.1.3.    Late-Filed Claims. .................................................................................... 21
   12.2.    Exemption from Transfer Taxes. ........................................................................ 21
   12.3.    Revocation or Withdrawal of this Plan .............................................................. 22
   12.4.    Binding Effect. ................................................................................................... 22
   12.5.    Governing Law. .................................................................................................. 22
   12.6.    Modification of Payment Terms. ........................................................................ 22
   12.7.    Providing for Claims Payments. ........................................................................ 22
   12.8.    Set Offs. .............................................................................................................. 23
   12.9.    Notices. ............................................................................................................... 23
   12.10.    Severability. ...................................................................................................... 23
   12.11.    Withholding and Reporting Requirements. ...................................................... 24
   12.12.    Post-Confirmation Reporting. .......................................................................... 24
   12.13.    Quarterly Fees. ................................................................................................. 24

4825-3503-4559, v. 7

National Merchandising Services, LLC, a Nevada limited liability company ("NMS"), National Store Retail Services, LLC, a Georgia limited liability company ("NSRS"), and Edward Steven Burdekin ("Burdekin," and collectively with NMS and NSRS, the "Debtors"), Debtors and Debtors-in-possession, propose this *Debtors' Amended Joint Plan of Reorganization* (as may be amended, supplemented, or modified, including all schedules hereto, the "Plan") for the resolution of Debtors' outstanding Claims and Equity Securities (as these terms are defined herein).

Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and those restrictions on modifications set forth in Article 11 to this Plan, Debtors expressly reserve the right to alter, amend, strike, withdraw, or modify this Plan one or more times before its substantial consummation.

## 1.    DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME

**1.1.    Definitions.**  For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article 1.  Any term used in this Plan that is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, in that order of priority.  Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine. Subject to the Foregoing, as used in this Plan, the following terms shall have the following meanings.

**Administrative Claim.**  A Claim for any cost or expense of administration of the Chapter 11 Case allowed under Sections 503(b) or 507(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(1) of the Bankruptcy Code, including, but not limited to: (i) fees payable pursuant to 28 U.S.C. § 1930; (ii) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estates, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (iii) all Governmental Unit Claims arising between the Petition Date and the Effective Date, including those Governmental Unit Claims for which returns are not yet due;  and (iv) all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances.  To the extent that a Claim is allowed pursuant to Sections 365(d)(3) and (d)(5) of the Bankruptcy Code, such Claim shall also be deemed an "Administrative Claim" under this paragraph.

**Administrative Claim Bar Date.**  The end of the first Business Day occurring on or after the thirtieth (30th) calendar day after the Effective Date.

**Affiliate.**  This term has the meaning set forth in Section 101(2) of the Bankruptcy Code.

**Allowed Administrative Claim.**  An Administrative Claim as to which no objection has been filed or, if an objection has been filed, has been resolved by the allowance of such Administrative Claim by a Final Order of the Bankruptcy Court; or which requires payment in the ordinary course and as to which there is no Final Order of the Bankruptcy Court in effect which prohibits any such payment.

**Allowed Claim.**  A Claim or any portion thereof that is not a Disputed Claim:  (i) that is allowed pursuant: (w) to this Plan or Final Order of the Bankruptcy Court, (x) to any stipulation

1

executed prior to the Confirmation Date and approved by the Bankruptcy Court, (y) to any stipulation with Debtors or Reorganized Debtors, as applicable, executed on or after the Confirmation Date and approved by the Bankruptcy Court, or (z) to any contract, instrument, or other agreement entered into or assumed in connection herewith; (ii) proof of which, requests for payment of which, or application for allowance of which, was filed or deemed to be filed on or before the Bar Date for filing proofs of Claim or requests for payment of Claims of such type against Debtors; or (iii) if no proof of Claim is filed, which has been or hereafter is listed by Debtors in the Schedules as liquidated in amount and not disputed or contingent; and in the case of (ii) or (iii), no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or the Bankruptcy Court has entered a Final Order Allowing all or a portion of such Claim.

**Assets.**  All of the assets, property, interests, and effects, real and personal, tangible and intangible, wherever situated, including Causes of Action, of Debtors, as they exist on the Effective Date.

**Avoidance Actions.**  All avoidance, recovery, subordination, and other similar actions preserved for the Estates under the Bankruptcy Code, including but not limited to those set forth in Sections 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553(b), and 724(a) of the Bankruptcy Code, regardless of whether or not such action has been commenced prior to the Effective Date.

**Bankruptcy Code.**  The Bankruptcy Reform Act of 1978, Title 11, United States Code, as applicable to the Chapter 11 Case, as now in effect or hereafter amended, 11 U.S.C. §§ 101, et seq.

**Bankruptcy Court.**  The United States Bankruptcy Court for the District of Nevada having jurisdiction over the Chapter 11 Cases and, to the extent of the withdrawal of any reference under Section 157 of Title 28 of the United States Code and/or the General Order of the United States District Court for the District of Nevada, pursuant to Section 151 of Title 28 of the United States Code and /or United States District Court for the District of Nevada

**Bankruptcy Rules.**  Collectively, the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 Cases, promulgated under 28 U.S.C. § 2075 and the general, local, and chamber rules of the Bankruptcy Court as applicable to the Chapter 11 Cases, as now in effect or hereinafter amended.

**Bar Date.**  The date or dates established by the Bankruptcy Court, the Bankruptcy Code, and/or the Bankruptcy Rules for the filing of proofs of Claim for all Creditors, exclusive of, Administrative Claims.

**Burdekin.**  Edward Steven Burdekin, the individual debtor and Responsible Person designated by the NMS and NSRS pursuant to Red. R. Bankr. P. 9001(5).

**Business Day.**  Any day, other than a Saturday, Sunday, or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

2

**Cash.**  The legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, negotiable instruments, wire transfers of immediately available funds, or other cash equivalents.

**Causes of Action.**  Except as otherwise expressly provided in this Plan, all actions, causes of action, claims, liabilities, Avoidance Actions, obligations, rights, suits, debts, damages, judgments, remedies, demands, setoffs, defenses, recoupments, crossclaims, counterclaims, third-party claims, indemnity claims, contribution claims and any other claims disputed or undisputed, suspected or unsuspected, foreseen or unforeseen, known or unknown, direct or indirect, choate or inchoate, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Cases that Debtors or the Estates may have against any Person, including but not limited to, those listed on **Schedule 1** hereto.  Failure to list Causes of Action on **Schedule 1** shall not constitute a waiver or release by Debtors or Reorganized Debtors of such Causes of Action.

**Chapter 11 Cases.**  The cases under Chapter 11 of the Bankruptcy Code of each of the Debtors, having case numbers BK-18-14683-abl, BK-18-14684-abl, and BK-18-14685-abl, including all adversary proceedings pending in connection therewith.

**Claim.**  Any right to payment from any of the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date or relating to any event that occurred before the Effective Date, or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from any of the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**Class.**  A category of Holders of Claims or Equity Securities as classified in this Plan.

**Confirmation.**  The entry by the Bankruptcy Court of the Confirmation Order on the dockets of the Chapter 11 Cases.

**Confirmation Date.**  The date upon which the Bankruptcy Court enters the Confirmation Order on the dockets of the Chapter 11 Cases.

**Confirmation Hearing.**  The duly-noticed initial hearing held by the Bankruptcy Court to confirm this Plan pursuant to Section 1128 of the Bankruptcy Code, and any subsequent hearing held by the Bankruptcy Court from time to time to which the initial hearing is adjourned without further notice other than the announcement of the adjourned dates at the Confirmation Hearing or by a subsequent order of the Bankruptcy Court.

**Confirmation Order.**  The order or orders entered by the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

**Creditor.**  Any Holder of a Claim, whether such Claim is an Allowed Claim.

**Cure.**  The distribution on the Effective Date or as soon thereafter as practicable of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, of (1) with respect to the assumption of an Executory Contract or Unexpired Lease pursuant to

3

Section 365(b) of the Bankruptcy Code, the amount required to cure any monetary default under such Executory Contract or Unexpired Lease under Section 365(b)(1)(A); and (2) with respect to any debt instrument, (i) all monetary obligations required to be paid to bring current the debt instrument and thereby reinstate the debt and return to the pre-default conditions to the extent such obligations are enforceable under the Bankruptcy Code or applicable non-bankruptcy law; and (ii) for any Claim arising from a Debtors' failure to perform any non-monetary obligation as set forth in Sections 1124(2)(C) and 1124(2)(D) of the Bankruptcy Code asserted by the Holder of such debt instrument, payment of the dollar amount which compensates the Holder of such a Claim for any actual pecuniary loss incurred by such Holder as a result of any such failure and the dollar amount of the Claim that is established by the Holder's sworn declaration and accompanying admissible evidence filed with the Bankruptcy Court and served upon Debtors' counsel on or before such date ordered by the Bankruptcy Court for the filing of objections to the Plan, subject to any of Debtors' defenses.

**Debtors**.  National Merchandising Services, LLC, a Nevada limited liability company, National Store Retail Services, LLC, and Edward Steven Burdekin**,** the Debtors and Debtors-in-possession in the Chapter 11 Cases pursuant to Section 1108 of the Bankruptcy Code.

**Disbursing Agent.**  The Person acting in the capacity as the Disbursing Agent as provided under this Plan.

**Disputed Claim or Disputed Equity Security.**  A Claim or Equity Security or any portion thereof that is:  (i) subject to timely objection interposed by a Debtor or Reorganized Debtor, the or any party-in-interest entitled to file and prosecute such objection in a Debtor's Chapter 11 Case, if at such time such objection has not been withdrawn or determined by Final Order; (ii) a Claim that is listed by a Debtor as disputed, unliquidated or contingent in the Schedules, with respect to which no proof of claim has been timely filed; or (iii) a Claim which is contingent, unmatured, or unliquidated on or immediately before the Confirmation Date; provided, however, that the Bankruptcy Court may estimate a Disputed Claim for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code.  The term "Disputed," when used to modify a reference in this Plan to any Claim or Equity Security (or Class of Claims or Equity Securities), shall mean a Claim or Equity Security (or any Claim or Equity Security in such Class) that is a Disputed Claim or Disputed Equity Security.  In the event there is a dispute as to classification or priority of a Claim or Equity Security, it shall be considered a Disputed Claim or Disputed Equity Security in its entirety.  Until such time as a contingent, unmatured, or unliquidated Claim becomes fixed and absolute, such Claim shall be treated as a Disputed Claim and not an Allowed Claim for purposes related to allocations and distributions under this Plan.

**Disputed Claim Reserve.**  A reserve established by the Reorganized Debtors to hold in one or more accounts Cash or other Assets equal to the aggregate amount thereof that would have been distributed in accordance with the terms of this Plan on account of a Disputed Claim is such claim were an Allowed Claim.

**Distribution.**  Any distribution of Assets by Reorganized Debtors as the Disbursing Agent to Holders of Allowed Claims.

**Distribution Date.**  The first Business Day following the date that is thirty (30) days after the Effective Date.

4

**Effective Date.**   The latest to occur of: (i) the first (1st) Business Day that is at least fourteen (14) days after the Confirmation Date and on which no stay of the Confirmation Order is in effect; and (ii) the first (1st) Business Day on which all of the conditions set forth in Article 8 of this Plan have been satisfied or waived.

**Equity Security.**   This term has the meaning set forth in Section 101(16) of the Bankruptcy Code and includes the shares of stock in each of NMS and NSRS and the membership interests in NMS, and any warrants, options, redemption rights, dividend rights, liquidating preferences, rights to purchase any such Equity Security, or any other rights related thereto.

**Estates.**   The Estates created for each of the Debtors pursuant to Section 541 of the Bankruptcy Code.

**Executory Contract.**   A contract to which any of the Debtors is a party that is subject to assumption or rejection under Section 365 of the Bankruptcy Code.

**Federal Judgment Rate.**   The rate of interest as calculated under 28 U.S.C. § 1961(a) as of the Petition Date.

**Final Order.**   An order, judgment, or other decree of the Bankruptcy Court, or other court of competent jurisdiction, entered on the docket of such court, that has not been reversed, reconsidered, stayed, modified, or amended; that is in full force and effect, and as to which order or judgment: (i) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely-filed appeal or petition for review, rehearing, remand, or certiorari is pending; (ii) any appeal taken or petition for certiorari or request for reconsideration or further review or rehearing filed: (a) has been resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, or certiorari was sought; or (b) has not yet been resolved by such highest court, but such order has not been stayed pending appeal.  Notwithstanding the foregoing, the Confirmation Order shall specifically become a Final Order on the first Business Day that is fourteen (14) days after the entry of such Confirmation Order notwithstanding a pending appeal if no stay pending appeal has been granted by the Bankruptcy Court or the court in which the appeal is pending.

**General Unsecured Claim.**   A Claim that is not secured by a Lien or other charge against or interest in property in which the Estate has an interest and is not  a Section 507(a)(2) or 507(a)(3) Claim,  an Administrative Claim, or a Priority Unsecured Claim.  General Unsecured Claims shall also include all Claims arising under Section 502(g) of the Bankruptcy Code.

**Governmental Unit.**   The term shall have the meaning set forth in Section 101(27) of the Bankruptcy Code.

**Holder.**   An entity holding an Equity Security or Claim.

**Impaired.**   This term shall have the meaning set forth in Section 1124 of the Bankruptcy Code.

**Intercompany Claim.**   A Claim held by one of the Debtors against another of the Debtors.

5

**Joint Administration Order**. The *Order Directing Joint Administration of the Debtors' Chapter 11 Cases Under Fed. R Bank. P. 1015(b)* entered by the Bankruptcy Court on August 26, 2019, providing for the joint administration of the Chapter 11 Cases, with NMS being the lead case.

**Lien.** This term shall have the meaning set forth in Section 101(37) of the Bankruptcy Code.

**Person.** An individual, corporation, limited liability company, partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization or government, governmental unit, or any subdivision thereof or any other entity.

**Petition Dates.** August 10, 2019 for NMS and August 11, 2019 for NSRS and Burdekin, the date on which voluntary Chapter 11 petitions were filed by each of the Debtors, thereby commencing the Chapter 11 Cases.

**Plan.** This Joint Plan of Reorganization, either in its present form or as it may be amended, supplemented, or modified from time to time, including all exhibits and schedules annexed hereto or referenced herein.

**Plan Supplement.** One or more supplements to this Plan to be filed no later than 10 days prior to the commencement of the Confirmation Hearing, which shall include post-Effective Date operative documents for the Reorganized Debtors.

**Priority Tax Claims.** Any and all Claims of a Governmental Unit accorded priority in right of payment under Section 507(a)(8) of the Bankruptcy Code.

**Priority Unsecured Claims.** Any and all Claims accorded priority in right of payment under Section 507(a) of the Bankruptcy Code except for Priority Tax Claims.

**Professional Fees.** The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 327, 328, 330, or 331 of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; and (ii) for whom compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b) of the Bankruptcy Code or by other Final Order.

**Proof of Claim.** A proof of Claim filed by a Creditor in accordance with Section 501 of the Bankruptcy Code and Bankruptcy Rule 3001.

**Pro Rata.** The ratio of an Allowed Claim in a particular class to the aggregate amount of all Allowed Claims in such Class.

**Reorganized Debtors.** Collectively, Debtors as reorganized pursuant to the Plan after the Effective Date.

**Reorganized Burdekin.** Burdekin as reorganized pursuant to the Plan after the Effective Date.

**Reorganized NMS.** NMS as reorganized pursuant to the Plan after the Effective Date.

6

4825-3503-4559, v. 7

**Reorganized NSRS.** NSRS as reorganized pursuant to the Plan after the Effective Date.

**Schedules.** The schedules of assets and liabilities and any amendments thereto filed by each of the Debtors with the Bankruptcy Court in accordance with Section 521(1) of the Bankruptcy Code.

**Secured Claim.** A Claim that is secured by a Lien against property of the Estates to the extent of the value of such Creditor's interest in the Estate's interest in such property, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Final Order of the Bankruptcy Court, or to the extent of the amount of such Claim subject to setoff in accordance with Section 553 of the Bankruptcy Code, in either case as determined pursuant to Section 506(a) of the Bankruptcy Code.

**Unexpired Lease.** A lease of real property or personal property to which a Debtor is a party that is subject to assumption or rejection under Section 365 of the Bankruptcy Code.

**Unimpaired.** This term has the meaning set forth in Section 1124 of the Bankruptcy Code.

**1.2. Computation of Time.** In computing any period of time prescribed or allowed by this Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

**1.3. Rules of Interpretation.** For purposes of this Plan only: (i) any reference in this Plan to a contract, instrument, release, or other agreement or documents being in particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in this Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references in this Plan to Sections, Articles, Schedules, and Exhibits are references to Sections, Articles, Schedules, and Exhibits of or to this Plan; (iv) the words "herein," "hereof," "hereto," and "hereunder" refer to this Plan in its entirety rather than to a particular portion of this Plan; (v) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; and (vi) the rules of construction and definitions set forth in Sections 101 and 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply unless otherwise expressly provided.

**1.4. Exhibits and Plan Schedules.** All exhibits and schedules attached to this Plan are incorporated into and are a part of this Plan as if set forth in full herein.

**2. TREATMENT OF UNCLASSIFIED CLAIMS**

**2.1. General.** Pursuant to Section 1123(a)(1) of the Bankruptcy Code, the Claims against Debtors set forth in this <u>Article 2</u> are not classified within any Class. The Holders of such Claims are not entitled to vote on this Plan. The treatment of the Claims set forth below is consistent with the requirements of Section 1129(a)(9)(A) and (C) of the Bankruptcy Code.

**2.2. Treatment of Administrative Claims**. Each Allowed Administrative Claim shall be paid by Burdekin as Disbursing Agent on behalf of Reorganized Debtors upon the latest of: (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the

7

Bankruptcy Court, or as soon thereafter as practicable, (iii) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Claim and Reorganized Debtors shall agree upon.

**2.3.    Treatment of Priority Tax Claims**.  Each Allowed Priority Tax Claim shall be paid in full in Cash by Burdekin as Disbursing Agent on behalf of Reorganized Debtors in equal monthly installments beginning the latest of:  (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable, (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Claim and Reorganized Debtors shall agree upon. Until the Allowed Priority Tax Claim is paid in full, the unpaid balance shall accrue statutory interest from the Effective Date fixed at the applicable federal or state statutory rate in effect with respect to such Priority Tax Claim on the Petition Date.

**2.4.    Requests for Payment.**  All requests for payment of Administrative Claims against Debtors and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claim Bar Date; any Holder of an Administrative Claim not timely filed or the Holders thereof shall be forever barred from asserting such Administrative Claim against Debtors and the Reorganized Debtors. Unless otherwise ordered by the Bankruptcy Court, no professional shall be required to file a fee application for fees or expenses accruing or arising from and after the Effective Date and Reorganized Debtors may pay all professionals in the ordinary course for fees and expenses incurred from and after the Effective Date.

**3.    DESIGNATION OF CLASSES OF CLAIMS AND EQUITY SECURITIES**

Pursuant to this Plan and in accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims and Equity Securities (except unclassified Claims) are placed in the Classes described below.  A Claim or Equity Security is classified in a particular Class only to the extent that the Claim or Equity Security qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim or Equity Security qualifies within the description of such other Classes.  A Claim or Equity Security is also classified in a particular Class only to the extent that such Claim or Equity Security is an Allowed Claim or Allowed Equity Security in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date, except as otherwise provided under this Plan.

Debtors have designated all Classes of Claims as Unimpaired.  With respect to Claims within Classes which are Unimpaired under this Plan,  nothing shall affect the rights and legal and equitable defenses of Debtors and Reorganized Debtors regarding such Claims including but not limited to, all rights in respect of legal and equitable defenses to setoff or recoupment against such Claims.

**3.1.    Summary of Classification.**

| <u>Class</u> | <u>Description</u> | <u>Treatment</u> |
|---|---|---|
| Class 1 | Secured Claims (NMS) | Unimpaired.<br>    No Solicitation required. |

| Class 2 | Secured Claims (NSRS) | Unimpaired<br>No Solicitation required. |
|---|---|---|
| Class 3 | Secured Claims (Burdekin) | Unimpaired<br>No Solicitation required. |
| Class 4 | Priority Unsecured Claims (NMS) | Unimpaired.<br>No solicitation required. |
| Class 5 | Priority Unsecured Claims (NSRS) | Unimpaired.<br>No solicitation required. |
| Class 6 | Priority Unsecured Claims (Burdekin) | Unimpaired.<br>No solicitation required. |
| Class 7 | General Unsecured Claims (NMS) | Unimpaired.<br>No solicitation required. |
| Class 8 | General Unsecured Claims (NSRS) | Unimpaired.<br>No solicitation required. |
| Class 9 | General Unsecured Claims (Burdekin) | Unimpaired.<br>No solicitation required. |
| Class 10 | Intercompany Claim (NMS) | Unimpaired.<br>No solicitation required. |
| Class 11 | Intercompany Claim (NSRS) | Unimpaired.<br>No solicitation required. |
| Class 12 | Intercompany Claim (Burdekin) | Unimpaired.<br>No solicitation required. |
| Class 13a | Equity Security (NMS) | Unimpaired.<br>No solicitation required. |
| Class 13b | Equity Security (NMS) | Unimpaired.<br>No solicitation required. |
| Class 14 | Equity Security (NSRS) | Unimpaired.<br>No solicitation required. |

**3.2.    Specific Description of Classification.**

**3.2.1.**    Class 1: Secured Claims (NMS). Class 1 consists of the Secured Claims against NMS. Each Holder of a Secured Claim against NMS shall be its own separate subclass within Class 1, and each subclass shall be deemed to be a separate class for purposes of this Plan.

9

**3.2.2.**     Class 2: Secured Claims (NSRS).   Class 2 consists of the Secured Claims against NSRS.  Each Holder of a Secured Claim against NSRS shall be its own separate subclass within Class 2, and each subclass shall be deemed to be a separate class for purposes of this Plan.

**3.2.3.**     Class 3: Secured Claims (Burdekin).  Class 3 consists of the Secured Claims against Burdekin.  Each Holder of a Secured Claim against Burdekin shall be its own separate subclass within Class 3, and each subclass shall be deemed to be a separate class for purposes of this Plan.

**3.2.4.**     Class 4: Priority Unsecured Claims (NMS).  Class 4 consists of the Holders of Priority Unsecured Claims against NMS.

**3.2.5.**     Class 5: Priority Unsecured Claims (NSRS).  Class 5 consists of the Holders of Priority Unsecured Claims against NSRS.

**3.2.6.**     Class 6: Priority Unsecured Claims (Burdekin).  Class 6 consists of the Holders of Priority Unsecured Claims against Burdekin.

**3.2.7.**     Class 7: General Unsecured Claims (NMS).  Class 7 consists of the Holders of General Unsecured Claims against NMS.

**3.2.8.**     Class 8: General Unsecured Claims (NSRS).  Class 8 consists of the Holders of General Unsecured Claims against NSRS.

**3.2.9.**     Class 9: General Unsecured Claims (Burdekin).  Class 9 consists of the Holders of General Unsecured Claims against Burdekin.

**3.2.10.**    Class 10: Intercompany Claim (NMS).   Class 10 consists of the Intercompany Claims against NSRS and Burdekin held by NMS.

**3.2.11.**    Class 11: Intercompany Claim (NSRS).   Class 11 consists of the Intercompany Claims against NMS and Burdekin held by NSRS.

**3.2.12.**    Class 12: Intercompany Claim (Burdekin).  Class 12 consists of the Intercompany Claims against NSRS and NMS held by Burdekin.

**3.2.13.**    Class 13: Equity Security (NMS).  Class 13 consists of the Holders of an Equity Security in NMS.

**3.2.14.**    Class 14: Equity Security (NSRS).  Class 14 consists of the Holders of an Equity Security in NSRS.

**4.     DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS UNDER THIS PLAN**

**4.1.     Class 1 – Secured Claims (NMS).**   Each Holder of an Allowed Secured Claim against NMS, if any, in full and final satisfaction of such Claim shall at the option of NMS or Reorganized NMS receive either: (i) payment by Burdekin as Disbursing Agent on behalf of Reorganized NMS of its Allowed Claim in full in Cash on the latest of: (a) the Distribution Date,

10

or as soon thereafter as is practical; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (c) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (d) such date as the Holder of such Claim and NMS or Reorganized Debtors on behalf of Reorganized NMS, as applicable, have agreed or shall agree, plus interest due under applicable bankruptcy or non-bankruptcy law, or (ii) receive on the Effective Date turnover of any collateral securing the Allowed Secured Claim.

Creditors in Class 1 are unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.2.    Class 2 – Secured Claims (NSRS).** Each Holder of an Allowed Secured Claim against NSRS, if any, in full and final satisfaction of such Claim shall at the option of NSRS or Reorganized NSRS receive either: (i) payment by Burdekin as Disbursing Agent on behalf of Reorganized NSRS of its Allowed Claim in full in Cash on the latest of: (a) the Distribution Date, or as soon thereafter as is practical; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (c) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (d) such date as the Holder of such Claim and NSRS or Reorganized Debtors on behalf of Reorganized NSRS, as applicable, have agreed or shall agree, plus interest due under applicable bankruptcy or non-bankruptcy law, or (ii) receive on the Effective Date turnover of any collateral securing the Allowed Secured Claim.

Creditors in Class 2 are unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.3.    Class 3 – Secured Claims (Burdekin).** Each Holder of an Allowed Secured Claim against Burdekin, if any, in full and final satisfaction of such Claim shall at the option of Burdekin or Reorganized Burdekin receive either: (i) payment by Burdekin as Disbursing Agent on behalf of Reorganized Burdekin of its Allowed Claim in full in Cash on the latest of: (a) the Distribution Date, or as soon thereafter as is practical; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (c) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (d) such date as the Holder of such Claim and Burdekin or Reorganized Debtors on behalf of Reorganized Burdekin, as applicable, have agreed or shall agree, plus interest due under applicable bankruptcy or non-bankruptcy law, or (ii) receive on the Effective Date turnover of any collateral securing the Allowed Secured Claim.

Creditors in Class 3 are unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.4.    Class 4 – Priority Unsecured Claims (NMS).** Each Holder of an Allowed Priority Unsecured Claim against NMS, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized NMS in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and NMS or Reorganized Debtors on behalf of Reorganized NMS, applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

11

Creditors in Class 4 are unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.5.    Class 5 – Priority Unsecured Claims (NSRS).**  Each Holder of an Allowed Priority Unsecured Claim against NSRS, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized NSRS in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and NSRS or Reorganized Debtors on behalf of Reorganized NSRS, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Creditors in Class 5 are unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.6.    Class 6 – Priority Unsecured Claims (Burdekin).**  Each Holder of an Allowed Priority Unsecured Claim against Burdekin, if any, in full and final satisfaction of such Claim shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized Burdekin in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and Burdekin or Reorganized Debtors on behalf of Reorganized Burdekin, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date

Creditors in Class 6 are unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.7.    Class 7 – General Unsecured Claims (NMS).**  Each Holder of an Allowed Unsecured Claim against NMS, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized NMS in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and NMS or Reorganized Debtors on behalf of Reorganized NMS, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Class 7 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.8.    Class 8 – General Unsecured Claims (NSRS).**  Each Holder of an Allowed Unsecured Claim against NSRS, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized NSRS in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and NSRS or Reorganized Debtors on behalf of Reorganized

12

NSRS, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Class 8 unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.9.    Class 9 – General Unsecured Claims (Burdekin).** Each Holder of an Allowed Priority Unsecured Claim against Burdekin, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized Burdekin in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and Burdekin or Reorganized Debtors on behalf of Reorganized Burdekin, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Class 9 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.10.    Class 10 – Intercompany Claims (NMS).** Each Holder of an Allowed Intercompany Claim against NMS, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized NMS as Disbursing in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and NMS or Reorganized Debtors on behalf of Reorganized NMS, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Class 10 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.11.    Class 11 – Intercompany Claims (NSRS).** Each Holder of an Allowed Intercompany Claim against NSRS, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized NSRS in full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and NSRS or Reorganized Debtors on behalf of Reorganized NSRS, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Class 11 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.12.    Class 12 – Intercompany Claims (Burdekin).** Each Holder of an Allowed Intercompany Claim against Burdekin, if any, in full and final satisfaction of such Claim, shall be paid its Allowed Claim by Burdekin as Disbursing Agent on behalf of Reorganized Burdekin in

13

full in Cash on the latest of: (i) the Distribution Date, or as soon thereafter as is practical; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as is practicable; (iii) the fourteenth (14th) Business Day after such Claim is Allowed, or as soon thereafter as is practicable; or (iv) such date as the Holder of such Claim and Burdekin or Reorganized Debtors on behalf of Reorganized Burdekin, as applicable, have agreed or shall agree, together with interest at the Federal Judgment Rate accruing from the Petition Date until the Effective Date.

Class 12 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.13.    Class 13 – Equity Security (NMS).**  The Holders of the Equity Securities of NMS shall retain their Equity Securities in NMS under the Plan.

Class 13 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.14.    Class 14 – Equity Security (NSRS).**  The Holders of the Equity Securities of NSRS shall retain their Equity Securities in NSRS under the Plan.

Class 14 is unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

## 5.    MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1.    Operations Between Confirmation Date and the Effective Date.**  During the period from the Confirmation Date through and until the Effective Date, the Debtors shall continue to manage their property and estates as debtors-in-possession, subject to the oversight of the Bankruptcy Court as provided in the Bankruptcy Code, the Bankruptcy Rules and all orders of the Bankruptcy Court that are then in full force and effect.  Debtors' have sufficient cash from post-petition operations to pay all Plan payments due under the Plan

**5.2.    Plan Implementation Occurring on the Effective Date.**  On the Effective Date, except as otherwise provided, without any further action by Debtors or Reorganized Debtors, the following events shall occur in the following sequence:

**5.2.1.**    Upon the occurrence of the Effective Date, Reorganized Debtors as set forth in the Plan shall serve as the Disbursing Agent with respect to all Administrative Claims.

**5.2.2.**    Subject to the provisions of this Plan and as permitted by Section 1123(a)(5)(B) of the Bankruptcy Code, the Assets, including the Causes of Actions and all right, title, and interest therein shall vest in the Reorganized Debtors.

**5.2.3.**    With regard to each Debtor, all Cash necessary to fund distributions shall be in the possession of the of the applicable Disbursing Agent on the Effective Date.

**5.3.    Reorganized Debtors.**  From the Effective Date, Reorganized Debtors shall continue to exist as  separate entities in accordance with applicable law.  Debtors' existing articles of incorporation, by-laws, and operating agreements (as amended, supplemented, or modified) will

continue in effect for Reorganized Debtors following the Effective Date, except to the extent that such documents are amended in conformance with this Plan or by proper governance action after the Effective Date.

5.4.    **Articles of Organization, By-laws, Operating Agreement.**  The articles of incorporation, by-laws, and/or operating agreement, as applicable, of each Debtor shall be amended as set forth in the Plan Supplement as necessary to satisfy the provisions of the Plan and the Bankruptcy Code and shall include, among other things, pursuant to Section 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the issuance of non-voting equity securities, but only to the extent required by Section 1123(a)(6) of the Bankruptcy Code.

5.5.    **Post-Effective Date Management of Reorganized Debtors.**  From and after the Effective Date, Reorganized Debtors will continue to be managed by Burdekin, which management may subsequently be modified to the extent provided by Reorganized Debtors' articles of incorporation or organization, by-laws, and operating agreement (as amended, supplemented, or modified).

5.6.    **Distributions.**  Distributions to Holders of Allowed Claims and Cure payments, if any,  shall be the responsibility of the Disbursing Agent, or any successor or appointed pursuant to **Section 5.5** of this Plan.

5.7.    **Effectuation of Transactions; Timing.**  On and after the Effective Date, Burdekin, on behalf of Reorganized Debtors, is authorized to issue, execute, deliver, and consummate the transactions contemplated by or described in this Plan in the name of and on behalf of Reorganized Debtors without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, rule, or any requirements of further action, vote, or other approval or authorization by any Person. All transactions that are required to occur on the Effective Date under the terms of this Plan shall be deemed to have occurred simultaneously.  Debtors and Reorganized Debtors are authorized and directed to do such acts and execute such documents as are necessary to implement this Plan.

5.8.    **Notice of Effectiveness.**  When all of the steps contemplated by **Section 8.2** have been completed or waived, Reorganized Debtors shall file with the Bankruptcy Court and all potential Holders of Administrative Claims known to Reorganized Debtors (whether or not disputed), a notice of Effective Date of Plan.  The notice of Effective Date of Plan shall include notice of the Administrative Claim Bar Date.

5.9.    **No Governance Action Required.**  As of the Effective Date:  (i) the adoption, execution, delivery, and implementation or assignment of all contracts, leases, instruments, releases, and other agreements related to or contemplated by this Plan; and (ii) the other matters provided for under or in furtherance of this Plan involving corporate action to be taken by or required of Debtors shall be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without further order of the Bankruptcy Court or any requirement of further action by the officers, members or managers of Debtors.

5.10.    **Filing with State Authorities.**  To the extent required by the applicable laws of California, Delaware, and Nevada, on or as soon as reasonably practical after the Effective Date, a certified copy of this Plan and the Confirmation Order shall be filed with the applicable state agency or department. Again, to the extent applicable, Debtors, from the Confirmation Date until

15

the Effective Date, are authorized and directed to take any action or carry out any proceeding necessary to effectuate this Plan pursuant to applicable state law.

## 6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1.    Executory Contracts.**  Other than the Executory Contracts and Unexpired Leases set forth on **Schedule 6.1** hereto (which may be supplemented and amended up to the Confirmation Date), all of the Debtors' Executory Contracts and Unexpired Leases have either been superseded or expired by their own terms. The Executory Contracts and Unexpired Leases set forth on **Schedule 6.1** remain in effect are current and shall be assumed by the Debtors or Reorganized Debtors on the Effective Date.

**6.2.    Approval of Assumption**.  Entry of the Confirmation Order shall constitute as of the Effective Date approval of the assumption of the Executory Contracts and Unexpired Leases set forth on **Schedule 6.1** pursuant to Bankruptcy Code Section 365.  Upon the Effective Date, each counter party to an assumed Executory Contract or Unexpired Lease listed shall be deemed to have consented to an assumption contemplated by Section 365(c)(1)(B) of the Bankruptcy Code, to the extent such consent is necessary for such assumption.  To the extent applicable, all Executory Contracts or Unexpired Leases of Reorganized Debtors assumed pursuant to this **Article 6** shall be deemed modified such that the transactions contemplated by this Plan shall not be a "change of control," regardless of how such term may be defined in the relevant Executory Contract or Unexpired Lease and any required consent under any such Executory Contract or Unexpired Lease shall be deemed satisfied by confirmation of this Plan.

**6.3.    Cure of Defaults.**  Reorganized Debtors shall Cure any defaults respecting each Executory Contract or Unexpired Lease assumed pursuant to **Section 6.1** of this Plan upon the latest of: (i) the Effective Date or as soon thereafter as practicable; (ii) such dates as may be fixed by the Bankruptcy Court or agreed upon by Debtors, and after the Effective Date, Reorganized Debtors; or (iii) the fourteenth (14th) Business Day after the entry of a Final Order resolving any dispute regarding: (a) a Cure amount; (b) the ability of Debtors or Reorganized Debtors to provide "adequate assurance of future performance" under the Executory Contract or Unexpired Lease assumed pursuant to this Plan in accordance with Section 365(b)(1) of the Bankruptcy Code; or (c) any matter pertaining to assumption, assignment, or the Cure of a particular Executory Contract or an Unexpired Lease.

**6.4.    Objection to Cure Amounts.**  Any party to an Executory Contract or Unexpired Lease who objects to the Cure amount determined by Debtors to be due and owing as set forth on **Schedule 6.1** must file and serve an objection on counsel no later than fourteen (14) days prior to the Confirmation Hearing. Failure to file and serve a timely objection shall be deemed consent to the Cure amounts set forth on **Schedule 6.1** of the Plan.  If there is a dispute regarding: (i) the amount of any Cure payment; (ii) the ability of Reorganized Debtors to provide "adequate assurance of future performance" under the Executory Contract or Unexpired Lease to be assumed or assigned; or (iii) any other matter pertaining to assumption, the Cure payments required by Section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order resolving the dispute and approving the assumption.

**6.5.    Confirmation Order.**  The Confirmation Order will constitute an order of the Bankruptcy Court approving the assumptions described in this **Article 6** pursuant to Section 365 of the Bankruptcy Code as of the Effective Date.  Notwithstanding the forgoing, if, as of the date

16

the Bankruptcy Court enters the Confirmation Order, there is pending before the Bankruptcy Court a dispute concerning the Cure amount or adequate assurance for any particular Executory Contract or Unexpired Lease, the assumption of such Executory Contract or Unexpired Lease shall be effective as of the date the Bankruptcy Court enters an order resolving any such dispute and authorizing assumption by Debtors.

## 7.    MANNER OF DISTRIBUTION OF PROPERTY UNDER THIS PLAN

**7.1.    Statements.**  Reorganized Debtors shall maintain a record of the names and addresses of all Holders of Allowed Claims as of the Effective Date for purposes of mailing Distributions to them and shall provide a copy to Burdekin.  The Disbursing Agent may rely on the name and address set forth in Debtors' Schedules and/or Proofs of Claim as being true and correct unless and until notified otherwise in writing.

**7.2.    Further Authorization.**  Debtors and Reorganized Debtors shall be entitled to seek such orders, judgments, injunctions, and rulings as it deems necessary to carry out the intentions and purposes, and to give full effect to the provisions of this Plan.

**7.3.    Release and Indemnification.**  Pursuant to Section 1123(b) of the Bankruptcy Code, for good and valuable consideration, including the actions required of Burdekin on behalf of Reorganized Debtors as the Disbursing Agent, Burdekin is deemed released and indemnified from any and all claims, obligations, rights, suits, damages, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, arising out of or related to Burdekin's actions as a Disbursing Agent except for gross negligence or willful misconduct.

## 8.    CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE

**8.1.    Conditions to Confirmation.**  The Confirmation Order shall have been entered and be in form and substance reasonable acceptable to Debtors and the Creditor Committee.

**8.2.    Conditions to Effectiveness.**  The following are conditions precedent to the occurrence of the Effective Date:

**8.2.1.**    The Confirmation Order shall be a Final Order, except that Debtors reserve the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, subject to agreement of the Creditor Committee.

**8.2.2.**    All documents necessary to implement the transactions contemplated by this Plan shall be in form and substance reasonable acceptable to Debtors and the Creditor Committee.

## 9.    TITLE TO PROPERTY; DISCHARGE; INJUNCTION

**9.1.    Title to Property.**  As of the Effective Date, all Assets shall be free and clear of all Liens, Claims, and Equity Securities except as otherwise provided herein.

**9.2.    Discharge of Claims and Causes of Action.**  Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract,

17

4825-3503-4559, v. 7

instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action against Debtors of any nature whatsoever, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Equity Interests in, the Debtors or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Equity Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Causes of action subject to the Effective Date occurring.

**9.3.    Compromise and Settlement.**  The allowance, classification, and treatment of all Allowed Claims and their respective Distributions under this Plan takes into account and/or conform to the relative priority and rights of the Claims in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, Section 510(c) of the Bankruptcy Code, or otherwise.

**9.4.    Injunction.**  From and after the Effective Date, and except as provided in this Plan and the Confirmation Order, all entities that have held, currently hold, or may hold a Claim or an Equity Security or other right of an Equity Security Holder that is terminated pursuant to the terms of this Plan are permanently enjoined from taking any of the following actions on account of any such Claims or terminated Equity Securities or rights: (i) commencing or continuing in any manner any action or other proceeding against Reorganized Debtors' property, or Burdekin in his capacity of responsible person for the Reorganized Debtors; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Reorganized Debtors or their property; (iii) creating, perfecting, or enforcing any Lien or encumbrance against Reorganized Debtors or their property; (iv) asserting a right of subrogation of any kind against any debt, liability, or obligation due to Reorganized Debtors or their property; and (vi) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of this Plan or the Bankruptcy Code.

**9.5.    Exculpation.**  Except as provided for in this Plan, from and after the Effective Date, neither the Debtors, Reorganized Debtors, Creditor Committee, the professionals employed on behalf of the Estates or the Creditor Committee, nor any of their respective present or former members, directors, officers, managers, employees, advisors, attorneys, or agents, shall have or incur any liability, including derivative claims, but excluding direct claims, to any Holder of a Claim or Equity Security or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of (from the Petition Date through the Effective Date), the Chapter 11 Case, the pursuit of confirmation of this Plan, or the consummation of this Plan, except for gross negligence, willful misconduct and actions taken or asserted on such Parties' individual interests as a Holder of a Claim or an Equity Security, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan or in the context of the Chapter 11 Case.

18

**9.6.    Unimpaired Claims.**  Despite any term of the Plan or Effective Date operative documents to the contrary, until an Allowed Claim designated as Unimpaired has been (x) satisfied in full pursuant to the treatment of such Allowed Claim in Article 4, or (y) otherwise satisfied or disposed of as determined by a court of competent jurisdiction: (a) Sections 9.2 and 9.4 shall not apply or take effect with respect to such Allowed Claim, (b) such Allowed Claim shall not be deemed settled, satisfied, resolved, released, discharged, or enjoined by any provision of the Plan or the Effective Date operative documents, and (c) the property of the Debtors' Estates that vests in the applicable Reorganized Debtor shall remain subject to such Allowed Claim.

## 10.    RETENTION OF JURISDICTION

**10.1.    Jurisdiction.**  Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Case and Reorganized Debtors after the Effective Date as is legally permissible, including jurisdiction to:

**10.1.1.**    Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, Contingent Claim, or Disputed Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims;

**10.1.2.**    Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan for periods ending on or before the Effective Date;

**10.1.3.**    Resolve any matters related to the assumption, assignment, or rejection of any Executory Contract or Unexpired Lease to which any Debtor or Reorganized Debtors are a party and to hear, determine, and, if necessary, liquidate any Claims arising there from or Cure amounts related thereto;

**10.1.4.**    Ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

**10.1.5.**    Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications or motions involving Debtors or Reorganized Debtors that may be pending on the Effective Date or commenced thereafter as provided for by this Plan;

**10.1.6.**    Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan (including those contained in the Plan Supplement) and the Confirmation Order, except as otherwise provided herein;

**10.1.7.**    Decide or resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of any Final Order, this Plan, the Plan Supplement, the Confirmation Order, or any Person's obligations incurred in connection with this Plan or the Confirmation Order;

**10.1.8.** Modify this Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code and **Section 11.1** of this Plan or modify any contract, instrument, release or other agreement or document created in connection with or pursuant to this Plan, the Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Final Order, this Plan, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with or pursuant to this Plan, , or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code;

**10.1.9.** Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any person with consummation, implementation, or enforcement of any Final Order, this Plan, the Confirmation Order or any other contract, instrument, release, or other document created in connection with or pursuant to this Plan, the Confirmation Order, except as otherwise provided herein;

**10.1.10.** Enter and implement such orders as are necessary or appropriate if a Final Order or the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

**10.1.11.** Determine any other matters that may arise in connection with or relate to this Plan, any Final Order, the Confirmation Order, or any contract, instrument, release, or other agreement or document, created in connection with or pursuant to this Plan, any Final Order, or Confirmation Order, except as otherwise provided herein;

**10.1.12.** Enter an order closing the Chapter 11 Cases;

**10.1.13.** Hear and decide Causes of Actions and continue to hear and decide pending Causes of Actions and any other claim or cause of action of Debtors or Reorganized Debtors; and

**10.1.14.** Decide or resolve any matter over which the Bankruptcy Court has jurisdiction pursuant to Section 505 of the Bankruptcy Code.

**10.1.15.** Nothing contained in this Article 10 shall constitute a waiver by any Person of the right to assert that the Bankruptcy Court lacks jurisdiction over any matter set forth in this Article 10.

## 11.    MODIFICATION AND AMENDMENT OF PLAN

**11.1.    Modification and Amendment.** Prior to Confirmation, Debtors may alter, amend, or modify this Plan under Section 1127(a) of the Bankruptcy Code at any time. After the Confirmation Date and prior to substantial consummation as defined in Section 1101(2) of the Bankruptcy Code of this Plan, Debtors may, under Section 1127(b), (c), and (d) of the Bankruptcy Code, alter, amend, or modify this Plan or institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan, the Plan Supplement or the Confirmation Order, to make appropriate adjustments and modifications to this Plan, the Plan Supplement, or the Confirmation Order as may be necessary to carry out the purposes and effects

20

of this Plan so long as such proceedings do not materially adversely affect the treatment of Holders of Allowed Claims under this Plan.

## 12.    MISCELLANEOUS

**12.1.    Filing of Objections to Claims**.  After the Effective Date, objections to Claims may be made by Reorganized Debtors or any other party properly entitled to do so under the Bankruptcy Code.  Any objections to Priority Unsecured Claims and General Unsecured Claims made after the Effective Date shall be filed and served not later than the first Business Day that is ninety (90) calendar days after the Effective Date; provided, however, that such period may be extended from time to time by order of the Bankruptcy Court which extensions may be extended on the ex parte request of the Reorganized Debtors.

**12.1.1.    Resolution of Objections After Effective Date.**  From and after the Effective Date, the Reorganized Debtors may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed Disputed Claims and may settle or compromise any Disputed Claim without notice and a hearing and without approval of the Bankruptcy Court.

**12.1.2.    Distributions and Disputed Claims Reserve.**  In order to facilitate Distributions to Holders of Allowed Administrative Claims, Reorganized Debtors, as applicable,  shall set aside in a designated reserve account the payments or Distributions applicable to such Disputed Claims as if such Disputed Claims were Allowed Claims, pending the allowance or disallowance of such Disputed Claims.  In the event the Disbursing Agent wishes to deposit or hold a lesser amount than required herein and is unable to reach an agreement with the Holder of the Disputed Claim on the amount to be deposited or held, the Bankruptcy Court shall fix the amount after notice and hearing. Upon Final Order with respect to a Disputed Claim, the Holder of such Disputed Claim, to the extent it has been determined to be an Allowed Claim, shall receive as soon as reasonably practical that payment or Distribution to which it would have been entitled if the portion of the Claim so allowed had been allowed as of the Effective Date.

**12.1.3.    Late-Filed Claims.**  No Proof of Claim filed after the Bar Date or, as applicable, the Administrative Claim Bar Date, shall be allowed, and all such Proofs of Claims are hereby disallowed in full.  After the Bar Date or the Administrative Bar Date, as applicable, no Creditor shall be permitted to amend any Claim or Proof of Claim to increase the claimed amount and any such amendment shall be disallowed to the extent of the late-filed increase in the claimed amount.

**12.2.    Exemption from Transfer Taxes.**  Pursuant to Section 1146 of the Bankruptcy Code: (i) the issuance, distribution, transfer, or exchange of the Estates' property (including Assets); (ii) the creation, modification, consolidation, or recording of any deed of trust or other security interest, the securing of additional indebtedness by such means or by other means in furtherance of, or connection with this Plan or the Confirmation Order; (iii) the making, assignment, modification, or recording of any lease or sublease; or (iv) the making, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, Confirmation Order, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to the foregoing, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp

21

act or real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment and the appropriate state of local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

**12.3.    Revocation or Withdrawal of this Plan.**  Debtors reserve the right to revoke or withdraw this Plan at any time prior to its substantial consummation.  If this Plan is withdrawn or revoked, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against Debtors or any other Person, nor shall the withdrawal or revocation of this Plan prejudice in any manner the rights of Debtors or any Person in any further proceedings involving Debtors.  In the event this Plan is withdrawn or revoked, nothing set forth herein shall be deemed an admission of any sort and this Plan and any transaction contemplated thereby shall be inadmissible into evidence in any proceeding

**12.4.    Binding Effect.**  This Plan shall be binding upon, and shall inure to the benefit of, Debtors, Reorganized Debtors, and the Holders of all Claims and Equity Securities and their respective successors and assigns.

**12.5.    Governing Law**.  Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release, or other agreement entered into in connection with this Plan or in any document which remains unaltered by this Plan, the rights, duties, and obligations of Debtors, Reorganized Debtors, and any other Person arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

**12.6.    Modification of Payment Terms.**  The Reorganized Debtors reserve the right to modify the treatment of any Allowed Claim in any manner adverse only to the Holder of such Allowed Claim at any time after the Effective Date upon the prior written consent of the Holder whose Allowed Claim treatment is being adversely affected.

**12.7.    Providing for Claims Payments.**  Distributions to Holders of Allowed Claims shall be made by  the applicable Reorganized Debtor as the Disbursing Agent: (i) at the address(es) set forth on the proofs of Claim filed by such Holder(s) (or at the last known addresses of such Holder(s) if no proof of Claim is filed or if Debtors have been notified of a change of address); (ii) at the addresses set forth in any written notices of address changes delivered to the Debtor or Reorganized Debtors after the date of any related proof of Claim; or (iii) at the addresses reflected in the Schedules if no proof of Claim has been filed and the Debtor or Reorganized Debtors have not received a written notice of a change of address.  If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the Disbursing Agent, is notified of such Holder's then-current address, at which time all missed Distributions shall be made to such Holder without interest.  Amounts in respect of undeliverable Distributions made through the Disbursing Agent, shall be paid to the Clerk of the Bankruptcy Court pursuant to Bankruptcy Rule 3011, as in the case of a Chapter 7 liquidation.  Nothing contained in this Plan shall require the Disbursing Agent or Reorganized Debtors to attempt to locate any Holder of an Allowed Claim.

22

**12.8.   Set Offs.**   Debtor and Reorganized Debtors may, but shall not be required to, set off or recoup against any Claim and the payments or other Distributions to be made pursuant to this Plan in respect of such Claim (before any Distribution is made on account of such Claim or Equity Security), claims of any nature whatsoever that the applicable Debtors or Reorganized Debtors may have against the Holder of such Claim to the extent such Claims may be set off or recouped under applicable law, <u>provided, that,</u> neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by Debtors or Reorganized Debtors of any such Claim that it may have against such Holder.

**12.9.   Notices.**   Any notice required or permitted to be provided under this Plan shall be in writing and served by either: (i) certified mail, return receipt requested, postage prepaid; (ii) hand delivery; or (iii) reputable overnight courier service, freight prepaid, to be addressed as follows:

If to Debtors:                     Edward S. Burdekin
                                   350 Stonewall Avenue West,
                                   Fayetteville, GA 30214

With a copy to:                    Garman Turner Gordon
                                   Attn:  William M. Noall, Esq.
                                   7251 Amigo Street, Suite 210
                                   Las Vegas, NV  89119
                                   Tel:     (725) 777-3000
                                   Email:  wnoall@gtg.legal

                                   Andersen Law Firm, LTD.
                                   Attn:  Ryan A. Andersen
                                   Nevada Bar No. 12321
                                   3199 East Warm Springs Road
                                   Las Vegas, NV 89120
                                   Tel:     (702) 522-1992
                                   E-mail:  ryan@vegaslawfirm.legal

                                   WIGGAM & GEER
                                   Attn:  Will B. Geer
                                   50 Hurt Plaza, SE, Suite 1245
                                   Atlanta, GA 30303
                                   Tel:     (678) 587-8740
                                   E-mail:  wgeer@wiggamgeer.com

**12.10.  Severability.**  If any provision of this Plan is determined by the Bankruptcy Court to be invalid, illegal, or unenforceable or this Plan is determined to be not confirmable pursuant to Section 1129 of the Bankruptcy Code, the Bankruptcy Court, at the request of Debtors, shall have the power to alter and interpret such term to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and will in no way be affected, impaired,

23

or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**12.11. Withholding and Reporting Requirements**. In connection with this Plan and all instruments and interests issued in connection therewith and Distributions pursuant to the plan, Reorganized Debtors shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all Distributions hereunder shall be subject to any such withholding and reporting requirements. Reorganized Debtors shall be authorized to take any and all action that may be necessary to comply with such withholding and recording requirements. Notwithstanding any other provision of this Plan, each Holder of an Allowed Claim that has received a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding, and other tax obligation on account of such Distribution.

**12.12. Post-Confirmation Reporting.** Until the earlier of their dissolution or the entry of the final decree closing the Chapter 11 Cases, Reorganized Debtors shall comply with the post-confirmation reporting requirements set forth in Bankruptcy Code and Bankruptcy Rules. Additionally, Reorganized Debtors shall file post-confirmation quarterly operating reports detailing receipts and disbursements (along with ending cash balance) for each calendar quarter from the date of confirmation until dismissal, conversion, or entry of a final decree closing the case, which reports shall be filed no later than 20 days after the last day of the reported quarter.

**12.13. Quarterly Fees**. Prior to the Effective Date, Debtors, and after the Effective Date, Reorganized Debtors shall be responsible to pay all quarterly fees payable to the Office of the United States Trustee consistent with the sliding scale set forth in 28 U.S.C. § 1930(a)(6), and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

DATED this 19th day of June 2020

National Merchandising Services, LLC, a Nevada limited liability company

 /s/ Edward Steven Burdekin

By: Edward Steven Burdekin

Its: Responsible Person

National Store Retail Services, LLC, a Georgia limited liability company

 /s/ Edward Steven Burdekin

By: Edward Steven Burdekin

Its: Responsible Person

 /s/ Edward Steven Burdekin

By: Edward Steven Burdekin

24

1

**Prepared and Submitted:**

2

GARMAN TURNER GORDON          ANDERSEN LAW FIRM, LTD.

3

By: */s/ William M. Noall*               By: */s/ Ryan A. Andersen*

4

    WILLIAM M. NOALL                    RYAN A. ANDERSEN

    Nevada Bar No. 3549                  Nevada Bar No. 12321

5

    E-mail:  wnoall@gtg.legal            E-mail:  ryan@vegaslawfirm.legal

6

    GABRIELLE A. HAMM             3199 East Warm Springs Road

    Nevada Bar No. 11588               Las Vegas, NV 89120

7

    E-mail:  ghamm@gtg.legal          Telephone: (702) 522-1992

    7251 Amigo Street, Suite 210

8

    Las Vegas, NV 89119                WIGGAM & GEER

    Tel: (725) 777-3000                  WILL B. GEER

9

                                  E-mail:  wgeer@wiggamgeer.com

    Attorneys for Debtor National      50 Hurt Plaza, SE, Suite 1245

10

    Merchandising Services, Inc.       Atlanta, GA 30303

11

                                  Telephone: (678) 587-8740

12

                                  Attorneys for Edward Steven Burdekin

                                  and National Store Retail Services

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

4825-3503-4559, v. 7

### SCHEDULE 1
### TO PLAN OF REORGANIZATION
### CERTAIN PRESERVED POTENTIAL CAUSES OF ACTION

All defined terms used herein shall have the meanings set forth in the Plan.  The following is a non-exhaustive list of potential parties against whom Debtors and/or Reorganized Debtors may hold a claim or cause of action.  Debtors and Reorganized Debtors reserve their right to modify this list to amend or add parties or causes of action but disclaim any obligation to do so.  In addition to the possible causes of action and claims listed below, Debtors and Reorganized Debtors have or may have, in the ordinary course of their business, numerous causes of action and Claims or rights against contractors, subcontractors, vendors, suppliers, and others with whom they deal in the ordinary course of their business (the "Ordinary Course Claims").  Debtors and Reorganized Debtors reserve their right to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) the Ordinary Course Claims, as well as the claims and causes of action listed below and all other claims and causes of action.  Debtors and Reorganized Debtors also have, or may have, and are retaining, various claims or causes of action arising under or pursuant to its insurance policies, and all rights arising under, relating to, or in connection with such policies are expressly reserved and retained.

1. Causes of Actions arising out of or in connection with Debtors' business, property, or operations.

2. Causes of Actions arising out of transactions involving, concerning, or related to Debtors; and

3. All other rights, privileges, claims, actions, or remedies of Debtors and/or Reorganized Debtors existing on the Effective Date, whether arising at law or in equity.

4. All Avoidance Actions.

There may also be other Causes of Actions which currently exist or may subsequently arise that are not set forth herein because the facts underlying such Causes of Actions are not currently known or sufficiently known by Debtors.  The failure to list any such unknown Causes of Action herein is not intended to limit the rights of Reorganized Debtors to pursue any unknown Causes of Action to the extent the facts underlying such unknown Causes of Action become more fully known in the future.

Unless Causes of Actions against any individual or entity are expressly waived, relinquished, released, compromised, or settled by the Plan or any Final Order, Debtors expressly reserves for its benefit, and the benefit of Reorganized Debtors, all Causes of Actions, including, without limitation, all unknown Causes of Actions for later adjudication and therefore no preclusion doctrine (including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches) shall apply to such Causes of Actions after the confirmation or consummation of the Plan.  In addition, Debtors expressly reserves for its benefit and the benefit of Reorganized Debtors, the right to pursue or adopt any claims alleged in any lawsuit in which Debtors is a defendant or an interested party, against any individual or entity, including plaintiffs and co-defendants in such lawsuits.

26

1

2

3

**SCHEDULE 6.1**
**TO**
**PLAN OF REORGANIZATION**
**ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

4

5

**National Merchandising Services, LLC**

| | Cure Amount |
|---|---|
| • Master Services Agreement with Advance Stores Company, Inc. | None |
| • Employment Agreement with Edward S. Burdekin | None |
| • Lease of 350 Stonewall Avenue West, Fayetteville, GA 30214 | None |
| • Corporate Partners Program Services Agreement with Enterprise/EAN Services, LLC | None |
| • Temporary Associates Agreement with PeopleReady, Inc. | None |
| • General Staffing Agreement with Pivotal Retail Group | None |
| • Product Services Agreement with SellEthics Marketing Group, Inc. | None |
| • Technology and Mark License Agreement with Spar Trademarks, Inc. and Spar Marketing Force, Inc. | None |

6

7

8

9

10

11

12

13

14

15

16

17

**National Store Retail Services, LLC**

18

None.

19

**Edward S. Burdekin**

20

Cure Amount

21

• Employment Contract with National Merchandising Service, LLC    None

22

23

24

25

4825-3503-4559, v. 7

26

27

28